By the Court,

Nelson, Ch. J.
I am of opinion that the nonsuit was properly granted. The overcoat was not delivered into the possession or custody of the defendants, which is essential to their liability as carriers. Being an article of wearing apparel of present use, and in the care and keeping of the traveller himself for that purpose, the defendants have a right to say that it shall be regarded in the same light as if it had been upon his person. No carrier, however discreet and vigilant, would think of turning his attention to property of the passenger in the situation of the article in question, or imagine that any responsibility, attached to him in respect to.it. Even an innkeeper is not liable where the guest takes the goods to his room for the purpose of having the care of them himself. (Burgess v. Clements, 4 Maule & Selw. 306; Jer. Law Of Carr. 150, 156.) (a)
Again, all the books agree that if the negligence of the passenger conduces to the loss of the goods, the carrier is not responsible. (Whalley v. Wray, 3 Esp. Rep. 74; Jer. Law Of Carr. 55, 156.) Now the loss in this case occurred through the gross neglect of the plaintiff. Common care and attention on his part would have prevented it. A passenger might as reasonably complain *49 because he had forgotten to leave the cars at the point of destination, and been carried beyond it,. as to do so in a case like the present. The carrier is not bound to act as guardian for his passenger, and treat him as a ward mider age. The passenger must at least assume the responsibility of taking ordinary care of himself, including the wearing apparel about his person. There is certainly no hardship in this,- unless he is to be regarded by the law as becoming at once inops consilii the moment he enters a car or stage coach.
If the defendants were under any obligation to take charge of the article in question after it was discovered to have been left in the car, (and it is not necessary to deny that they were,) ordinary care is all that can be exacted, and that was sufficiently established.
New trial denied.

 See 2 Kent’s Comm. 596, 4th ed.; Farnworth v. Packard, (1 Holt’s N. P. Rep. 209,) and the note; Story On Bail. 491, 2d ed.